<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALEKSEI KIM,<br><br>                    Petitioner,<br><br>          v.<br><br>ERIC ROKOSKY, *et al.*,<br><br>                    Respondents. | Case No. 2:26-cv-00448 (BRM)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Aleksei Kim's ("Petitioner") Emergency Motion to Enforce ("Motion") (ECF No. 10) the Court's March 24, 2026 Order (ECF No. 8) granting his § 2241 Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), finding his detention had become unreasonably prolonged, and ordering Respondents to provide him with an individualized bond hearing before an immigration judge pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020). Respondents filed letter response (ECF No. 12) and Petitioner filed a reply (ECF No. 13). Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, Petitioner's Motion is **GRANTED**.

I.      **BACKGROUND**

On April 21, 2024, Petitioner, a citizen of Russia, presented himself at the southern border of the United States pursuant to an appointment scheduled through the U.S. Customs and Border Protection ("CBP") application. (ECF No. 1 at 7.) Upon arrival, CBP detained Petitioner and

placed him in expedited removal proceedings. (*Id.* at 8.) After Petitioner expressed fear of returning to Russia, he was provided a credible fear interview, where the asylum officer found Petitioner indeed had a credible fear and subsequently transferred his case to immigration court to determine whether Petitioner qualified for asylum. (*Id.*)

On August 27, 2024, the Immigration Judge ("IJ") granted Petitioner's application for asylum. (*Id.*) Following the hearing, the Department of Homeland Security ("DHS") appealed the IJ's grant of asylum to the Board of Immigration Appeals ("BIA") and the BIA sustained DHS's appeal and remanded the case back to the IJ. (*Id.* at 9.) On April 4, 2025, the IJ again determined Petitioner qualified for asylum and, alternatively, granted him withholding of removal to Russia. (*Id.*) DHS again appealed to the BIA. (*Id.*) On October 17, 2025, the BIA sustained DHS's appeal, vacated the IJ's grant of relief, and ordered Petitioner's removal to Russia. (*Id.*) Petitioner petitioned to the Fifth Circuit Court of Appeals to review the BIA's removal order, and, on November 20, 2025, the Fifth Circuit granted Petitioner's motion for stay of removal pending review. (*Id.*)

On January 14, 2026, Petitioner filed his Petition, arguing his continued detention since April 21, 2024, without a bond hearing is unconstitutional. (*See generally id.*) On March 24, 2026, the Court issued an Opinion and Order granting the Petition, finding Petitioner's detention is prolonged and ordering Respondents to provide Petitioner with a bond hearing before an IJ where Respondents bear the burden of proof to justify detention by clear and convincing evidence. (*See generally* ECF No. 7.)

### A.  March 31, 2026 Bond Hearing

Shortly thereafter, Respondents filed a letter informing the Court that Petitioner was provided with an individualized bond hearing on March 31, 2026, where the burden was on

Respondents to show Petitioner is either a danger to the community or a flight risk. (ECF No. 9.) Respondents submitted Petitioner's BIA Order filed October 17, 2025, ordering Petitioner's removal, as its evidentiary support to show Petitioner should not be afforded bond. (ECF No. 10-4 at 26–33.) Petitioner submitted the following evidence in support of release on bond: (1) four Reference Letters, (2) the Docketing Letter and Case Docket before the U.S. Court of Appeals for the Fifth Circuit, (3) Petitioner's Form I-213, (4) the April 4, 2025 Immigration Court Decision, (5) the Bond sponsor's letter with supporting documents, and (6) the March 24, 2026 District Court Order. (ECF No. 10-4 at 6–25, 34–98.)

At the hearing, the IJ found "[DHS] has established by clear and convincing evidence that [Petitioner] is a flight risk." (ECF No. 9-1 at 4.) Specifically, the IJ found as follows:

> All right. So to the respondent, I've reviewed all the evidence that your attorney submitted in this case. But the Court is denying bond here. The Court finds that the Department of Homeland Security met its burden. Here, the respondent has an order of removal from the BIA. He has no US citizen family ties that the Court can see in the documents. Most of the letters submitted are from people who he met in detention. And his sponsor letter is from someone who doesn't even say how they know the respondent.
>
> . . . .
>
> For those reasons, the Court finds he is a flight risk and no amount of bond will be sufficient.

(ECF No. 10-5 at 8–9.)

On April 15, 2026, Petitioner filed the Emergency Motion to Enforce now before the Court challenging the legality of the bond hearing, arguing the IJ "failed to adhere to the appropriate burden of proof and disregarded individualized evidence in the record." (ECF No. 10 at 1–2.) On May 1, 2026, Respondents filed an opposition, arguing Petitioner's bond hearing was not

3

fundamentally unfair and satisfied the requirements of due process. (ECF No. 12 at 3–4.) Petitioner filed a Reply on May 5, 2026. (ECF No. 13.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DECISION

On March 24, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing before an IJ where Respondents bear the burden of proof to justify detention by clear and convincing evidence pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). (*See generally* ECF No. 7.) Once detention of a noncitizen has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary. *German Santos*, 965 F.3d at 213. Under the clear and convincing standard, factual findings are "highly probable," in contrast with the lower preponderance of the evidence standard. *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (citing C. McCormick, Law of Evidence § 320, p. 679 (1954)).

This Court lacks jurisdiction to review any discretionary determinations underlying the IJ's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Ghanem*, 2022 WL 574624, at *2. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.*

In Petitioner's Motion, he argues the IJ failed to apply the appropriate standard of proof because she relied on Respondents' evidence of Petitioner's removal order as the sole basis for her decision to deny bond, despite such removal order being stayed by the Fifth Circuit. (*See* ECF No. 10-1 at 11–12.) Petitioner emphasizes because this was the only evidence put forth by Respondents, the IJ's reliance on it was not sufficiently individualized to justify Petitioner's continued detention. (*Id.* at 11.) Petitioner further argues the IJ impermissibly shifted the burden of proof onto Petitioner by "expecting him to provide more information about his relationship to his sponsor, rather than assessing whether [Respondents] met [their] burden to show that he would flee." (*Id.* at 12.)

After a review of the parties' submissions and the bond hearing transcript, the Court is unable to discern the standard of proof applied by the IJ. The Court notes that while the IJ stated "the [D]epartment has the burden[,]" the Court remains unconvinced that this statement establishes the entire hearing adhered to that standard. *See e.g.*, *Akhemedov v. Pittman*, Civ. A. No. 25-13734, 2026 WL 323404, at *3–4 (D.N.J. Feb. 6, 2026); (ECF No. 10-5 at 3.) As noted above, Petitioner appeared before the IJ on March 31, 2026. (*See generally* ECF No. 9.) During the hearing, the IJ

5

addressed Respondents' arguments first, followed by Petitioner's arguments. (ECF No. 10-5 at 2–8.) Respondents argued because the BIA sustained DHS's appeal twice and issued a final removal order, no amount of bond would be sufficient to prevent flight risk and because of that final order, there is no jurisdiction for bond redetermination. (*Id.* at 2–3.) In opposition, Petitioner argued the Fifth Circuit stayed his removal during the pendency of the appeal and accordingly, he has a strong motivation to continue working on his case. (*Id.* at 4.) Petitioner further pointed the IJ to Petitioner's reference letters, his legal arrival to the United States via the CBP application, his prolonged detention and lack of disciplinary violations, and evidence from his sponsor. (*Id.* at 4–6.) Ultimately, the IJ concluded Respondents met their burden to show Petitioner was a flight risk by clear and convincing evidence based on the BIA's removal order. (*See* ECF No. 10-5 at 8–9.)

Here, while the Court notes Respondents only submitted one piece of evidence, the BIA final order for removal, as documentary evidence in support of their position (ECF No. 10-4 at 26–33), the Court emphasizes it cannot make a determination on the IJ's weighing of the evidence before her, but only on the inability to discern the standard of proof applied during the hearing. *See Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."). In other words, the Court does not express any opinion on whether the IJ came to the correct conclusion. *Id.* After reviewing the IJ's decision, it is unclear to the Court whether the existence of Petitioner's removal order, which is currently stayed by the Fifth Circuit, meets the "highly probable" standard for clear and convincing evidence. *Colorado*, 467 U.S. at 316. The Court also agrees with Petitioner's argument that the IJ impermissibly bore the burden on the Petitioner, as evidenced by the IJ's mention of his lack of U.S. citizen family ties and credibility issues regarding his reference letters and bond sponsor. (ECF No. 10-5 at 8–9.) Because the Court is unable to discern the standard of proof applied by the IJ, the Court orders that

the Immigration Court provide Petitioner with a new bond hearing pursuant to *German Santos*, 965 F.3d at 213.[1]

## IV.    CONCLUSION

For the reasons set forth above, the Petitioner's Motion (ECF No. 10) is **GRANTED**. The Court hereby orders Respondents to provide Petitioner with a new bond hearing within seven (7) days. At that hearing, the Government bears the burden of showing Petitioner is either a danger to the community or a flight risk by clear and convincing evidence. An appropriate Order accompanies this Opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: May 28, 2026

---

[1] Because the Court orders a new bond hearing, it does not reach the merits of the fundamental fairness of the hearing at this juncture.