<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALEKSEI KIM,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC ROKOSKY, *et al.*,<br><br>    Respondents. | Case No. 2:26-cv-00448 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Aleksei Kim's ("Petitioner") Second Emergency Motion to Enforce (ECF No. 17) ("Motion") the Court's May 28, 2026 Order (ECF No. 15) ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020). Having reviewed and considered Petitioner's submissions filed in connection with the Motion, including a copy of the bond hearing transcript, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Motion is **DENIED**.[1]

## I.  BACKGROUND

On April 21, 2024, Petitioner, a citizen of Russia, presented himself at the southern border of the United States pursuant to an appointment scheduled through the U.S. Customs and Border Protection ("CBP") application. (ECF No. 1 at 7.) Upon arrival, CBP detained Petitioner and placed him in expedited removal proceedings. (*Id.* at 8.) After Petitioner expressed fear of

---

[1] In light of this decision, Petitioner's request for a status conference (ECF No. 18) is denied.

returning to Russia, he was provided a credible fear interview, where the asylum officer found Petitioner indeed had a credible fear and subsequently transferred his case to immigration court to determine whether Petitioner qualified for asylum. (*Id.*)

On August 27, 2024, the Immigration Judge ("IJ") granted Petitioner's application for asylum. (*Id.*) Following the hearing, the Department of Homeland Security ("DHS") appealed the IJ's grant of asylum to the Board of Immigration Appeals ("BIA"), and the BIA sustained DHS's appeal and remanded the case back to the IJ. (*Id.* at 9.) On April 4, 2025, the IJ again determined Petitioner qualified for asylum and, alternatively, granted him withholding of removal to Russia. (*Id.*) DHS again appealed to the BIA. (*Id.*) On October 17, 2025, the BIA sustained DHS's appeal, vacated the IJ's grant of relief, and ordered Petitioner's removal to Russia. (*Id.*) Petitioner petitioned to the Fifth Circuit Court of Appeals to review the BIA's removal order, and, on November 20, 2025, the Fifth Circuit granted Petitioner's motion for stay of removal pending review. (*Id.*)

On January 14, 2026, Petitioner filed his Petition, arguing his continued detention since April 21, 2024, without a bond hearing is unconstitutional. (*See generally id.*) On March 24, 2026, the Court issued an Opinion and Order granting the Petition, finding Petitioner's detention is prolonged and ordering Respondents to provide Petitioner with a bond hearing before an IJ where Respondents bear the burden of proof to justify detention by clear and convincing evidence. (*See generally* ECF No. 7.)

On March 31, 2026, Petitioner received his Court-ordered bond hearing. (*See* ECF No. 9.) On April 15, 2026, Petitioner filed his first Emergency Motion to Enforce challenging the legality of the bond hearing, arguing the IJ "failed to adhere to the appropriate burden of proof and disregarded individualized evidence in the record." (ECF No. 10 at 1–2.) On May 1, 2026,

Respondents filed an opposition, arguing Petitioner's bond hearing was not fundamentally unfair and satisfied the requirements of due process. (ECF No. 12 at 3–4.) Petitioner filed a reply on May 5, 2026. (ECF No. 13.)

On May 28, 2026, the Court issued an Opinion finding *only* that the Court was unable to discern the standard of proof applied by the IJ at the bond hearing. (*See* ECF No. 14.) The Court ordered Respondents to provide Petitioner with a new bond hearing before an IJ, at which the Government bore the burden of showing Petitioner is either a danger to the community or a flight risk. (ECF No. 15.)

On June 1, 2026, Petitioner received the Court-ordered bond hearing. (*See* ECF No. 17-4.) On June 18, 2026, Petitioner filed this Motion. (ECF No. 17-1.) Petitioner argues the IJ again failed to comply with this Court's order requiring the Government to bear the burden of showing Petitioner is either a danger to the community or a flight risk. (*See generally id.*)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.    DECISION

On May 28, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing before an IJ where Respondents bear the burden of proof to justify detention by clear and convincing evidence pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). (*See generally* ECF No. 14.) Once detention of a noncitizen has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary. *German Santos*, 965 F.3d at 213. Under the clear and convincing standard, the truthfulness of the factual contentions must be "highly probable," in contrast with the lower "preponderance of the evidence" standard. *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (citing C. McCormick, Law of Evidence § 320, p. 679 (1954)).

This Court lacks jurisdiction to review any discretionary determinations underlying the IJ's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Ghanem*, 2022 WL 574624, at *2. The noncitizen: "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* at *2 (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

In Petitioner's Motion, he argues the IJ failed to apply the appropriate standard of proof as the IJ did not place the burden on Respondents because she disregarded critical evidence and expected Petitioner to produce evidence to show he was not a flight risk. (*See* ECF No. 17-1 at 16.) Petitioner claims the IJ's statement that "there's absolutely no showing that [Petitioner] would

4

appear for any type of immigration hearing," indicates the IJ required Petitioner to prove he was likely to appear at future hearings. (*Id.* at 17.) Petitioner also argues the IJ required Petitioner to present evidence that he was not a flight risk, rather than analyzing whether Respondents sufficiently established he was unlikely to succeed in his immigration case. (*Id.* at 18.)

The Court has reviewed Petitioner's submission, including the bond hearing transcript, and finds Immigration Judge Leila Mullican ("IJ Mullican") applied the proper standard of proof and placed the burden on Respondents to show Petitioner was a flight risk. (*See generally* ECF No. 17-4.) As noted above, Petitioner appeared before IJ Mullican on June 1, 2026. IJ Mullican concluded Petitioner was a flight risk and denied Petitioner bond. (*See generally id.*) IJ Mullican first heard argument from Respondents. (*Id.* at 5–8.) Respondents argued Petitioner has never lived in the United States, has no family ties to the United States, and the letters of support offered by Petitioner are from individuals who do not indicate how they know Petitioner. (*Id.* at 5.) Respondents argued the BIA twice overturned Petitioner's grant of asylum.[2] (*Id.* at 5–6.) Respondents finally argued Petitioner has little likelihood of success at the Fifth Circuit, based on the BIA's two prior denials of asylum. (*Id.* at 7.)

Petitioner's counsel then argued to the IJ Petitioner is not required to provide any evidence, and Respondents must put forward evidence that he is a flight risk. (*Id.* at 9.) Petitioner argued the only evidence put forth by Respondents was Petitioner's removal order. (*Id.*) Petitioner argued in staying his removal during the pendency of his appeal, the Fifth Circuit was required to find a

---

[2] Respondents did argue Petitioner failed to provide the IJ with copies of those two BIA opinions, which was an attempt to mislead the Court. Petitioner claims this argument improperly placed the burden on Petitioner. However, the IJ did not rely on the lack of copies of the BIA opinions in finding Petitioner is a flight risk.

5

likelihood of success. (*Id.*) Finally, Petitioner claims the lack of disciplinary violations during his detention and the availability of a stable address reduce his risk of flight. (*Id.*)

IJ Mullican considered the parties' arguments and concluded Respondents met their burden to show Petitioner was a flight risk by clear and convincing evidence. (*See id.* at 13–14.) The IJ reasoned as follows:

> Here, the Court finds that the government has met their burden to show that [Petitioner] is a flight risk, and that's by clear and convincing evidence under the law. And even though the DHS just produced these two documents, there's absolutely no showing that [Petitioner] would appear for any type of immigration hearing. Just the fact that he applies for CBP1 to try to get into the United States, does not show any kind of family ties, which are things that this Court has to consider in determining whether he's a flight risk.
>
> There are several factors, and [Petitioner] has absolutely no factor that shows that he is not a flight risk. And the department has shown that he is, in fact, a flight risk, because he has no United States citizen ties, no family connections, no sponsor who can show that he knows him or is any way related to him, or why he would want to sponsor this respondent, and he has two removal orders from the BIA with valid findings.
>
> So he has absolutely no immigration pathway in the United States. So the department has shown all of these things by clear and convincing evidence, and the Court denies bond. He's a flight risk.

(*Id.*)

Petitioner challenges IJ Mullican's decision, arguing she inappropriately shifted the burden to Petitioner. Petitioner claims the IJ expected him to produce evidence to show he was not a flight risk. However, the IJ noted Respondents met their burden of showing Petitioner was a flight risk. (*Id.* at 13.) The IJ explained Petitioner has no family ties in the United States and no sponsor who showed how they were connected to Petitioner. (*Id.* at 14.) Additionally, the IJ noted the BIA twice found Petitioner removable. (*Id.*) The IJ did not require Petitioner to carry this initial burden; rather, the IJ found Respondents had met their burden of showing Petitioner was a flight risk.

6

Here, Petitioner's challenge to IJ Mullican's denial of bond based on him being a flight risk is a challenge to IJ Mullican's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."). This Court does not express any opinion on whether IJ Mullican came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing where the burden was placed on Respondents. Any further challenge to IJ Mullican's denial of bond must be presented to the BIA.

## IV.    CONCLUSION

For the reasons set forth above, the Petitioner's Motion (ECF No. 17) is **DENIED**. An appropriate Order accompanies this Opinion.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2026

7